# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) CASE NO: 1:19-cr-98-10 |
| | ) |
| v. | ) Judge Dan Aaron Polster |
| | ) |
| **TEVRON ALLEN,** | ) **OPINION AND ORDER** |
| | ) |
| **Defendant.** | ) |
| | ) |

## MEMORANDUM

Before the Court is Defendant Tevron Allen's Motion for Compassionate Release, Doc #: 270. Allen requests immediate release or home confinement alleging that Federal Correctional Institution Gilmer, where he is housed, has not been properly implementing COVID-19 policies and will be incapable of providing medical care to its inmates when the inevitable COVID-19 outbreak occurs. Doc #: 270 at 2-5. Because the Court lacks authority to address Gilmer's Motion, it is **DENIED**.

## BACKGROUND

Allen is currently serving a 30-month sentence for conspiracy to possess with intent to distribute and to distribute heroin, cocaine base, cocaine, and methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b) and 21 U.S.C. § 846 and distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Doc #: 203. He filed the present Motion on April 13, 2020. Doc #: 270. The Government filed a response on April 14, 2020. Doc #: 271.

1

## ANALYSIS

A defendant may file a motion for compassionate release:

After the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

Allen does not claim to have requested a sentence reduction from the Bureau of Prisons. Instead, he asserts, relying on *Roe v. Shanahan* 359 F. Supp. 3d 382 (E.D. Va. 2019) and *McDonald v. Centra, Inc.*, 946 F.2d 1059 (4th Cir. 1991), that the Court can waive the exhaustion and 30-day requirements because he is at risk of irreparable injury. Doc #: 270 at 5.

Allen is mistaken. *Roe* involved a judicially, rather than statutorily, imposed exhaustion requirement and so is not on point. *Roe*, 359 F. Supp. 3d at 403. And while *McDonald* did involve a statutory exhaustion requirement, it does not reflect the current state of the law. The current state of the law is that "Mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). Indeed, several district courts have already concluded that they lack authority to waive § 3582(c)(1)(A)'s exhaustion and 30-day requirements. *See, e.g. United States v. Alma* 2020 U.S. Dist. LEXIS 61588, at *6-7 (E.D. Mich. 2020) (collecting cases).

This Court likewise finds that Congress clearly mandated that a court to not modify a term of imprisonment unless the defendant satisfies the exhaustion or 30-day requirements. Under *Ross*, The Court cannot waive these requirements.

## CONCLUSION

Because Allen has failed to comply with the exhaustion and 30-day requirements of § 3582(c)(1)(A), this court lacks the authority to review his Motion. Accordingly, Allen's Motion for Compassionate Release, **Doc #: 270**, is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster April 15, 2020___*
**Dan Aaron Polster**
**United States District Judge**